1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   LAURA TURNBOW,
                                     No. 2:09-cv-02288-MCE-EFB
12            Plaintiff,

13        v.                         MEMORANDUM AND ORDER

14   TALL TREE ADMINISTRATORS LLC;
     and DOES 1-100, inclusive,
15

16            Defendants.

17                        ----oo0oo----

18

19        Presently before the Court is a Motion by Defendant Tall

20   Tree Administrators to Dismiss Plaintiff Laura Turnbow's

21   Complaint for failure to state a claim upon which relief may be

22   granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

23   For the reasons set forth below, Defendant's motion is granted.

24   ///

25   ///

26

27        [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

                                  1

1

## BACKGROUND[2]

2

3        This dispute arises from an automobile accident in which
4   Plaintiff Laura Turnbow ("Plaintiff") claims to have sustained
5   personal injuries.  At the time of the accident, Plaintiff claims
6   she was insured for health benefits as a "significant other"
7   through her partner's employer-funded insurance administered by
8   Defendant Tall Tree Administrators ("Defendant").  According to
9   Plaintiff, her medical care was pre-approved by Defendant during
10  a telephone call between the medical provider and the Defendant.
11  However, when the medical care provider later submitted the bill
12  for the services provided, Defendant refused to pay, claiming
13  that no approval was given inasmuch as the Plaintiff was not
14  covered under the plan.

15       Plaintiff originally filed suit in the Superior Court of
16  California alleging violations of California Health and Safety
17  Code § 1317.8, which mandates that once a health care service
18  plan has authorized treatment sought by a plan member, it cannot
19  subsequently refuse to pay for the pre-authorized treatment that
20  was provided.  Cal. Health & Safety § 1317.8 (2008).  However,
21  because Plaintiff's complaint was based on failure to pay
22  pre-approved medical expenses pursuant to a benefits plan subject
23  to the Federal Employee Retirement Income Security Act ("ERISA"),
24  29 U.S.C. § 1003(a)(3), Defendant removed the matter to this
25  Court on August 18, 2009.

26  ///

27  _____

28       [2] The factual assertions in this section are based on the
     allegations in Plaintiff's Complaint unless otherwise specified.

2

1  Defendant now files a Motion to Dismiss for failure to state a
2  claim arguing that the Plaintiff's state law claims are preempted
3  by ERISA.

4

5                              **STANDARD**

6

7      On a motion to dismiss for failure to state a claim under
8  Rule 12(b)(6), all allegations of material fact must be accepted
9  as true and construed in the light most favorable to the
10 nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
11 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and
12 plain statement of the claim showing that the pleader is entitled
13 to relief" in order to "give the defendant fair notice of what
14 the...claim is and the grounds upon which it rests."  <u>Bell Atl.</u>
15 <u>Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v.</u>
16 <u>Gibson</u>, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a
17 Rule 12(b)(6) motion to dismiss does not need detailed factual
18 allegations, a plaintiff's obligation to provide the "grounds" of
19 his "entitlement to relief" requires more than labels and
20 conclusions, and a formulaic recitation of the elements of a
21 cause of action will not do.  <u>Id</u>. at 1964-65 (internal citations
22 and quotations omitted).  Factual allegations must be enough to
23 raise a right to relief above the speculative level.  <u>Id</u>. at 1965
24 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure
25 § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain
26 something more...than...a statement of facts that merely creates
27 a suspicion [of] a legally cognizable right of action")).
28 ///

                                 3

1   "Rule 8(a)(2)...requires a 'showing,' rather than a blanket
2   assertion of entitlement to relief.  Without some factual
3   allegation in the complaint, it is hard to see how a claimant
4   could satisfy the requirements of providing not only 'fair
5   notice' of the nature of the claim, but also 'grounds' on which
6   the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must
7   contain "only enough facts to state a claim to relief that is
8   plausible on its face."  Id. at 570.  If the "plaintiffs...have
9   not nudged their claims across the line from conceivable to
10  plausible, their complaint must be dismissed."  Id.
11  Nevertheless, "[a] well-pleaded complaint may proceed even if it
12  strikes a savvy judge that actual proof of those facts is
13  improbable, and 'that a recovery is very remote and unlikely.'"
14  Id. at 556.

15      A court granting a motion to dismiss a complaint must then
16  decide whether to grant leave to amend.  A court should "freely
17  give" leave to amend when there is no "undue delay, bad faith[,]
18  dilatory motive on the part of the movant,...undue prejudice to
19  the opposing party by virtue of...the amendment, [or] futility of
20  the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
21  U.S. 178, 182 (1962).  Generally, leave to amend is denied only
22  when it is clear the deficiencies of the complaint cannot be
23  cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
24  F.2d 655, 658 (9th Cir. 1992).
25  ///
26  ///
27  ///
28  ///

4

**ANALYSIS**

At the crux of the parties' dispute is a determination of whether Plaintiff's state law claims are preempted by ERISA.  If so, Plaintiff is not entitled to relief under her state law claims, and instead would need to bring suit under ERISA after following proper ERISA procedure.  See Aetna Health Inc. v. Davila, 542 U.S. 200, 209-10 (2004).

The state law relied on by Plaintiff when originally filing this complaint is California Health and Safety Code § 1371.8, which provides that once a health care service plan has authorized treatment sought by a plan member, it cannot later refuse to pay for the pre-authorized treatment that was provided.

Defendant argues that state law in this regard is preempted by ERISA.  ERISA § 502(a)(1)(B) provides that "A civil action may be brought- (1) by a participant or beneficiary... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B) (2009).  The Supreme Court has held ERISA to be the exclusive civil remedy in disputes arising under § 502(a)(1)(B), finding that state laws that attempt to supplement the ERISA § 502(a) remedies are preempted, even if they do not directly duplicate or conflict with the provisions of ERISA.  See Davila, 542 U.S. at 215-216; see also Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1225-26 (9th Cir. 2005). Any attempts to recover benefits, enforce rights, or clarify rights under an ERISA plan may only be brought as an ERISA claim.

1   In order to determine whether a state law cause of action
2   comes within the scope of § 502(a)(1)(B), and is therefore
3   preempted by ERISA, the Supreme Court in <u>Davila</u> has formulated a
4   two-prong test.  Under <u>Davila</u>, a state law cause of action is
5   preempted by ERISA if 1) "an individual at some point in time
6   could have brought the claim under ERISA § 502(a)(1)(B)", and 2)
7   "where there is no other independent legal duty that is
8   implicated by a defendant's actions".  <u>Davila</u>, 542 U.S. at 210.
9   If both factors are met, the state law claim is preempted.

10   Plaintiff argues that neither of the <u>Davila</u> factors is
11   present here and therefore her state law claims are not
12   preempted.  In asserting this, she relies almost entirely on a
13   recent Ninth Circuit case, <u>Marin v. Modesto & Empire Traction</u>
14   <u>Company</u>, No. 07-16518, 2009 U.S. App. LEXIS 20161 (9th Cir. Sept.
15   10, 2009).  In <u>Marin</u>, a hospital telephoned a medical benefits
16   administrator to confirm that a prospective patient had health
17   insurance through an ERISA plan provided by his employer.  The
18   benefits administrator orally verified the patient's coverage,
19   authorized treatment, and agreed to cover ninety percent (90%) of
20   the patient's medical expenses at the hospital.  The benefits
21   administrator paid a portion of the bill, the amount required
22   under the ERISA plan, but not the additional amount necessary to
23   bring the total payment up to ninety percent (90%) of the
24   hospital's charges.  <u>Id</u>. at *2.  The hospital filed suit for
25   breach of contract and the administrator claimed ERISA preempted
26   the hospital's breach of contract claims.  <u>Id</u>. at *3.
27   ///
28   ///

6

1    The Ninth Circuit held that the hospital's claims were not
2 preempted by ERISA.  Initially, the first <u>Davila</u> prong was not
3 met because the hospital was not seeking the benefits entitled to
4 it as assignee of the patient's rights under ERISA.  Rather, it
5 was seeking the additional payment it was promised when approval
6 was given over the telephone.  <u>Id</u>. at *17.  Therefore suit for
7 the additional amount could not "at some point in time [have
8 been] brought under ERISA 502(a)(1)(B)."

9    Second, the court held that there was an independent legal
10 duty implicated by the defendant's actions.  Again the court
11 found that the telephone conversation regarding coverage created
12 an independent obligation to pay ninety percent (90%) of the
13 changes.  Accordingly, the second prong of <u>Davila</u> was not met.
14 <u>Id</u>. at *22.  Based upon this analysis, the <u>Marin</u> court held that
15 ERISA did not preempt the state law.  The hospital's breach of
16 contract claims were found to be valid.  <u>Id</u>. at *22.

17    Here, Plaintiff argues that her case directly parallels
18 <u>Marin</u>.  Although Plaintiff sought pre-approval of her claim
19 through the telephone call between the hospital and the
20 administrator, the pleading fails to allege whether the
21 additional communications rose to the level of an oral agreement.
22 The pleadings also fail to allege whether the hospital
23 detrimentally relied on a promise to pay made by Defendant or if
24 a simple verification of insurance occurred.  The holding of
25 <u>Marin</u> relies heavily on the independent oral contract that was
26 formed between the parties when pre-approval was sought.
27 ///
28 ///

7

1  No such facts exist in this case.  In the absence of such facts,

2  the Plaintiff's state law claims fall within the scope of ERISA,

3  and are therefore preempted.

4      Moreover, in <u>Marin,</u> the claim was brought by the hospital to

5  enforce its independent oral contract with the plan

6  administrators.  Here, it is the recipient of the plan benefits

7  who is seeking to enforce the hospital's "rights" by attempting

8  to rely on California Health and Safety Code § 1371.8 as the

9  basis for a breach of contract claim.  Plaintiff is attempting to

10  confer standing upon herself in this matter by asserting that she

11  is a third-party beneficiary to a "contract" formed between the

12  hospital and Defendant during the telephone call for pre-

13  approval.

14      However, Plaintiff's assertion is not supported by

15  applicable jurisprudence.  While <u>Marin</u> did provide some

16  flexibility to the exclusive jurisdiction conferred under ERISA,

17  it does not permit beneficiaries to circumvent the law by

18  presenting themselves as a third party beneficiary to an alleged

19  oral agreement between a hospital and an administrator.

20  Plaintiff is suing her benefits administrator directly for

21  failing to provide Plaintiff with the benefits to which she

22  believes she is entitled.  Such disputes are within the exclusive

23  jurisdiction of ERISA § 502(a)(1)(B).

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

The Court finds that the Plaintiff's claims are preempted by ERISA.  Accordingly, Defendant's Motion to Dismiss is hereby GRANTED with leave to amend. (Docket No. 5)

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend and the file closed.

IT IS SO ORDERED.

Dated: November 13, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE