UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURA TURNBOW,

Plaintiff,

v.

TALL TREE ADMINISTRATORS LLC; and DOES 1-100, inclusive,

Defendants.

No. 2:09-cv-02288-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Through this action Plaintiff Laura Turnbow ("Plaintiff") seeks damages for the denial of medical benefits under an Employee Benefit Plan administered by Defendant Tall Tree Administrators, LLC ("Defendant"). Presently before the Court is a Motion by Defendant to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendant's motion is granted.

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

**BACKGROUND**[2]

This dispute arises from an automobile accident in which Plaintiff sustained personal injuries. At the time of the accident, Plaintiff believed she was insured for health benefits as a "significant other" through her partner's employer-funded benefits plan administered by Defendant. Such plan is subject to the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1003(a)(3).

Following Plaintiff's injuries, Defendant authorized her treatment of insurance but subsequently refused to cover her costs based upon a belief that Plaintiff was not an eligible plan participant. Plaintiff alleges that she was at all times a dependant of a covered plan member, paid premiums on the plan, and, as such, was wrongfully denied coverage of her medical expenses.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

///

///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. 556 n.3. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Defendant moves to dismiss Plaintiff's claims arguing that Plaintiff has failed to allege exhaustion of administrative remedies as required by ERISA. See 29 C.F.R. § 2560.503-1(h)(3)(I). An ERISA plaintiff claiming a denial of benefits must avail herself of a plan's own internal review procedures before bringing suit in federal court. Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626 (9th Cir. 2008). By Plaintiff's own admission, such internal review has yet to be fully exhausted.

///

///

The Ninth Circuit has recognized that exceptions to the exhaustion requirement exist when a "resort to the administrative route is futile or the remedy inadequate." Vaught, 546 F.3d at 626-27 (citing Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980)). Although Plaintiff objects to the application of the exhaustion doctrine, she fails to demonstrate how efforts to comply with administrative requirements would now be futile or the remedy inadequate. Plaintiff alleges that she has not yet been provided written notice of her denial. However, rather than being evidence of the futility of a subsequent administrative appeal, this indicates that parties might still resolve their dispute pursuant to internal procedures. Regardless of how they choose to do so, Plaintiff is required to allege exhaustion of such remedies before she may bring suit before this Court. See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995).

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Docket No. 14) is hereby GRANTED with leave to amend. The parties shall file a joint status report not later than forty five (45) days after this Order is electronically filed.

IT IS SO ORDERED.

Dated: February 22, 2010

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE