UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAURA TURNBOW, | No. 2:09-cv-02288-MCE-EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| TALL TREE ADMINISTRATORS LLC; and DOES 1-100, inclusive, | |
| Defendants. | |

Through this action Plaintiff Laura Turnbow ("Plaintiff") sought damages for the denial of medical benefits under an Employee Benefit Plan administered by Defendant Tall Tree Administrators, LLC ("Defendant") subject to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). On March 17, 2010, Plaintiff voluntarily dismissed her suit. Presently before the Court is a motion by Defendant seeking an award of attorney's fees and costs incurred in defending against this action. For the reasons set forth below, Defendant's motion is denied.

1

**BACKGROUND**[1]

This dispute arises from an automobile accident in which Plaintiff sustained personal injuries. At the time of the accident, Plaintiff believed she was insured for health benefits as a "significant other" through her partner's employer-funded benefits plan administered by Defendant.

Following Plaintiff's injuries, Defendant authorized her treatment of insurance but subsequently refused to cover her costs based upon a belief that Plaintiff was not an eligible plan participant. Plaintiff alleges that she was at all times a dependant of a covered plan member, paid premiums on the plan, and, as such, was wrongfully denied coverage of her medical expenses. Plaintiff subsequently filed suit.

On November 13, 2009, the Court granted, with leave to amend, Defendant's Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff's claims were preempted by ERISA and Plaintiff was thereby required to follow administrative procedures. Plaintiff elected to file a First Amended Complaint, which Defendant again moved to dismiss on the grounds that Plaintiff had failed to exhaust administrative remedies. Plaintiff countered that she had yet to be provided a written notice of denial as necessary for her to commence to the remedial process. The Court ruled in Defendant's favor, noting that in light of the circumstances parties might still be able to resolve their dispute through internal procedures.

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

1  The Court granted the motion to dismiss with leave to amend, and
2  mandated that parties file a joint status report within forty-
3  five days.
4       However, on March 17, 2010, Plaintiff instead chose to
5  voluntarily dismiss her suit.  Defendant's Motion followed
6  seeking attorney's fees and costs.

## STANDARD

10      ERISA allows for recovery of attorney's fees and costs in
11 actions arising out of plans subject to ERISA provisions.
12 Specifically it provides that "[i]n any action under this
13 subchapter...by a participant, beneficiary, or fiduciary, the
14 court in its discretion may allow reasonable attorney's fee and
15 costs of action to either party."  29 U.S.C. § 1132(g).
16      In the Ninth Circuit, the discretionary decision to award
17 fees under ERISA has traditionally been governed by the five
18 factors set forth in <u>Hummell v. S.E. Rykoff & Co.</u>, 634 F.2d 446,
19 453 (9th Cir. 1980).  Those factors are: (1) the degree of the
20 opposing parties' culpability or bad faith; (2) the ability of
21 the opposing parties to satisfy an award of fees; (3) whether an
22 award of fees against the opposing parties would deter others
23 from acting under similar circumstances; (4) whether the parties
24 requesting fees sought to benefit all participants and
25 beneficiaries of an ERISA plan or to resolve a significant legal
26 question regarding ERISA; and (5) the relative merits of the
27 parties' positions.  <u>Id</u>.
28 ///

**ANALYSIS**

Defendant's Motion for Attorney's Fees centers on the notion that Plaintiff's Complaint at all times failed to exhaust administrative remedies, and accordingly Defendant should be compensated for defending against a jurisdictionally defective suit.  However, in applying the Hummell factors the Court finds that an award of attorney's fees is not warranted in this case. Namely, nothing in the case history reflects culpability or bad faith on the part of Plaintiff.  Nor can it be said that the "relative merits" of Defendant's position far outweighed that of Plaintiff.

Rather, the resolution of the Motions to Dismiss brought by Defendant in the course of this action hinged on two separate legal questions.  First, this Court was called to determine whether California Health and Safety Code § 1317.8 superceded ERISA mandates when pre-approval of medical care was provided. The Court held that under the circumstances it did not.  (Docket No. 10)  Subsequently, the Court was required to answer whether an exception to the exhaustion requirements of ERISA was applicable to Plaintiff's suit.  The Court held that no such exception applied.  (Docket No. 22)

This is hardly a matter in which Plaintiff has vexatiously litigated her claims in the face of a clear defect.  Rather, the parties' dispute has invoked a number of substantial legal issues.  Where an action is brought in good faith and presents legitimate legal claims, award of attorney's fees and costs is inappropriate.

See Operating Eng'rs Pension Trust v. Charles Minor Equip. Rental, Inc., 766 F.2d 1301, 1305 (9th. Cir. 1985).  Such is the case here.

**CONCLUSION**

Accordingly, Defendant's Motion For Attorney's Fees and Costs (Docket No. 25) is DENIED.[2]

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

5